## Richmond.

## MORRIS' ADM'R v. DAVIS.

### MAY 5th, 1887.

LANDS—*Joint purchase—Case at bar.*—D. D. being unable to pay balance
   on land bought by him, his sister M. and brother S. D. contributed the
   money and purchased the land, which was conveyed to S. D.  The
   amount furnished by M. was three thousand dollars.  After her death,
   M.'s administrator claimed that M. had loaned this sum to S. D. to help
   buy the land conveyed to him.  Upon the evidence—
HELD :
          That sum represents not a debt of S. D. to M , but her proportion-
          ate share of the land.

Appeal from decree of circuit court of Prince William
county, entered December 2d, 1885, in a chancery cause
wherein J. S. McCue, administrator of Elizabeth D. Morris,
deceased, was plaintiff, and Sussex D. Davis was defendant.
At the hearing the bill was dismissed at the plaintiff's
costs, and he obtained an appeal to this court.  Opinion
states the case.

*S. B. Woods* and *W. J. Robertson,* for the appellant.

*E. E. Meredith* and *J. B. T. Thornton,* for the appellee.

LACY, J., delivered the opinion of the court.

The bill was filed in this case by the appellant to sub-
ject a tract of land, in the bill mentioned, to an alleged
debt secured thereon of $3,000, claimed to be due from the

appellee, a citizen of Philadelphia. The debt is denied in the answer by the defendant, the appellee here, who admits that the appellant's testatrix, who was his sister, had, and that her estate has an interest in the tract of land in Prince William county, set forth and described in the pleadings as Woodlawn. The explanation given by the answer is, briefly, that Delaware Davis, a brother of the plaintiff's testatrix, and of the defendant also, purchased this farm in 1867, made a cash payment thereon, and when the first credit payment fell due, two years after, was unable to meet it; whereupon the plaintiff's testatrix and her husband (then Stokes) proposed, and the defendant agreed, that they should unite together and buy this farm, and preserve it for their brother. The plaintiff's testatrix had $3,000, and Annie W., the wife of the embarrassed Delaware, had a house and lot in the town of Wilmington, Delaware, the proceeds of which was to be used, and the defendant was to contribute $3,000, and the place conveyed to the defendant, and the Wilmington house and lot also. This last brought about $5,000.

That the agreement then was that the Woodlawn farm was not to be sold for less than $14,000, which was the purchase price paid or agreed to be paid by Delaware when he purchased. That when it was sold, the amount paid by the contributors, which was $11,500, should be refunded to them, and the residue should go to Delaware.

In 1872, Stokes, the husband of the appellant's testatrix, became the president of an insurance company, and was anxious to use his wife's interest in raising capital for this business. That the Woodlawn farm standing in the defendant's name, he executed his bond for $3,000 and the mortgage in question, and the capital was thus used in the insurance business.

It being agreed between the said Stokes and wife and the defendant that it was not a debt by defendant, but an ac-

commodation arrangement to enable them to use this capital in their business. The said Stokes agreeing to hold the defendant harmless, and the said note and mortgage were assigned to the said company in the purchase of stock.

Stokes died soon after, and Mrs. Stokes retired from the business, and sold her stock and received back this note, which was then cancelled and destroyed by mutual agreement. That the parties were thus remitted to their original status. That Mrs. Stokes, afterwards Mrs. Morris, and the plaintiff's testatrix was, and her estate is, entitled to the before-stated interest in the Woodlawn farm.

A quantity of testimony was taken in the case in the form of depositions, and the case coming on to be heard the circuit court sustained the defense set up by the defendant and dismissed the bill of the plaintiff, without prejudice to the rights of the proper parties to bring any proper suit for the enforcement of their rights against the Woodlawn farm. From this decree the appeal is taken.

The question for determination here is one of fact only. The sole question in dispute is whether the estate of Mrs. Morris can demand this $3,000 against her brother, the appellee, as a debt of his to her, or whether it is due to her in the form of a share of the said Woodlawn estate. We think the decree of the circuit court is supported by the evidence in the case; that the agreement under which the Woodlawn farm was purchased is clearly proved, and that there is no foundation whatever to maintain the claim against the defendant, and that the bill of the plaintiff was properly dismissed.

And the decree of the said circuit court must be affirmed.

DECREE AFFIRMED.